

FILED
08 APR 28 PM 3:57
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | MICHAEL A. SAAVEDRA
2 | C.D.C. NO. E07529
   | P.O. BOX: 3476
3 | CORCORAN, CA. 93212
   | PRO-SE PRISONER

4
5

E-filing

6

7 | UNITED STATES DISTRICT COURT

8 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10

CV 08 2180 (PR)

11 | MICHAEL ANTHONY SAAVEDRA,        CASE NO.

12 |                    PLAINTIFF,    PLAINTIFF'S COMPLAINT UNDER
13 |          VS.                      THE CIVIL RIGHTS ACT, 42
                                       U.S.C. § 1983 AND 1985,
14 | L.E. SCRIBNER, CHIEF DEPUTY      COMPLAINT FOR VIOLATION OF
    | WARDEN, SALINAS VALLEY          CIVIL RIGHTS AND DEMAND
15 | STATE PRISON (S.V.S.P.);         FOR JURY TRIAL.
    | D. TRAVERS, CHIEF DEPUTY
16 | WARDEN, S.V.S.P.;
    | A. HEDGPETH, CHIEF DEPUTY
17 | WARDEN, S.V.S.P.;
    | J.M. ALLISON, ASSISTANT
18 | WARDEN, S.V.S.P.;
    | P. MANDEVILLE, CAPTAIN,
19 | S.V.S.P.;
    | J. CELAYA, LIEUTENANT,
20 | S.V.S.P.;
    | J. MC CALL, LIEUTENANT,
21 | S.V.S.P.; AND
    | R. PARIN, LIEUTENANT,
22 | S.V.S.P.; EACH BEING
    | SUED IN THEIR INDIVIDUAL
23 | AND OFFICIAL CAPACITIES,
24 |                    DEFENDANTS
25
26
27
28

I.

JURISDICTION

1.  THIS ACTION IS BROUGHT PURSUANT TO 42 U.S.C.
    SECTIONS 1983 AND 1985 TO REDRESS THE
    DEPRIVATION, UNDER COLOR OF STATE LAW, AND OF
    RIGHTS SECURED BY THE CONSTITUTION OF THE
    UNITED STATES. JURISDICTION IS BASED UPON
    28 U.S.C. SECTIONS 1331 AND 1343. THE COURT
    ALSO HAS PENDENT JURISDICTION OVER THE STATE
    CLAIMS PURSUANT TO 28 U.S.C. SECTION 1367.
    PLAINTIFF SEEKS DECLATORY RELIEF PURSUANT TO
    28 U.S.C. SECTIONS 2201 AND 2202. THE
    UNLAWFUL ACTS AND PRACTICES ALLEGED
    OCCURRED PRIMARILY WITHIN THIS JUDICIAL
    DISTRICT AND THE MAJORITY OF THE DEFENDANTS
    WORK AND RESIDE WITHIN THIS DISTRICT
    PURSUANT TO 28 U.S.C. SECTION 1391 (b).
    PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL
    ON THESE ALLEGATIONS.

II.

PARTIES

2.  PLAINTIFF MICHAEL ANTHONY SAAVEDRA IS, AND
    WAS AT ALL TIMES MENTIONED HEREIN, A
    PRISONER OF THE STATE OF CALIFORNIA, IN THE
    CUSTODY OF THE CALIFORNIA DEPARTMENT OF

CORRECTIONS (C.D.C.). PLAINTIFF IS CURRENTLY CONFINED AT CORCORAN STATE PRISON.

3. DEFENDANT L.E. SCRIBNER, WAS AT ALL RELEVANT TIMES HEREIN, THE CHIEF DEPUTY WARDEN AT S.V.S.P.. HE WAS IN CHARGE OF REVIEWING ALL ADMINISTRATIVE APPEALS OF DISCIPLINARY CHARGES FILED BY S.V.S.P. PRISONERS AND FOR ORDERING PRISONERS' REMOVAL FROM THE GENERAL POPULATION AND PLACEMENT IN SEGREGATION LOCK-UP.

4. DEFENDANT D. TRAVERS, WAS AT ALL RELEVANT TIMES HEREIN, THE CHIEF DEPUTY WARDEN AT S.V.S.P. AND WAS RESPONSIBLE FOR CONDUCTING AND REVIEWING CLASSIFICATION PROCEDURES FOR PRISONERS CONFINED TO SEGREGATION LOCK-UP AT S.V.S.P..

5. DEFENDANT A. HEDGPETH, WAS AT ALL RELEVANT TIMES HEREIN, THE CHIEF DEPUTY WARDEN AT S.V.S.P. AND WAS ALSO RESPONSIBLE FOR CONDUCTING AND REVIEWING CLASSIFICATION PROCEDURES FOR PRISONERS CONFINED TO SEGREGATED LOCK-UP AT S.V.S.P..

6. DEFENDANT J.M. ALLISON, WAS AT ALL RELEVANT TIMES HEREIN, THE CHIEF DISCIPLINARY OFFICER

AT S.V.S.P. AND WAS RESPONSIBLE FOR REVIEWING
AND APPROVING ALL DISCIPLINARY HEARINGS AND
FINDINGS OF S.V.S.P. PRISONERS CHARGED WITH
RULES VIOLATIONS.

7.  DEFENDANT P. MANDEVILLE, WAS AT ALL RELEVANT
TIMES HEREIN, A CORRECTIONS CAPTAIN AT
S.V.S.P. AND WAS RESPONSIBLE FOR
ADMINISTRATIVE REVIEWS OF S.V.S.P. PRISONERS'
PLACEMENT IN SEGREGATION LOCK-UP AND
CLASSIFICATION COMMITTEE REVIEWS.

8.  DEFENDANT J. CELAYA, WAS AT ALL RELEVANT
TIMES HEREIN, A CORRECTIONS LIEUTENANT
AT S.V.S.P. AND WAS ACTING AS A CAPTAIN
WITH THE RESPONSIBILITY OF REVIEWING AND
APPROVING THE USE AND RELIABILITY OF
CONFIDENTIAL INFORMANTS / INFORMATION
USED AGAINST S.V.S.P. PRISONERS AND
DISCLOSURE OF SUCH INFORMATION.

9.  DEFENDANT J. MC CALL WAS A CORRECTIONS
LIEUTENANT AT S.V.S.P. AT ALL RELEVANT
TIMES HEREIN AND WAS A MEMBER OF THE
S.V.S.P. INVESTIGATIVE SERVICES UNIT (I.S.U.)
AND WAS RESPONSIBLE FOR CONDUCTING
INTERNAL AFFAIRS INVESTIGATIONS OF S.V.S.P.
GUARDS AND EMPLOYEES.

10. DEFENDANT R. PARIN WAS A CORRECTIONS LIEUTENANT AT S.V.S.P. AT ALL RELEVANT TIMES HEREIN AND WAS RESPONSIBLE FOR CONDUCTING DISCIPLINARY HEARINGS FOR PRISONERS CHARGED WITH VIOLATING THE RULES AND REGULATIONS OF THE C.D.C. DIRECTOR.

11. EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS OR HER OFFICIAL CAPACITY. DEFENDANTS, AT ALL TIMES MENTIONED HEREIN, ACTED UNDER THE COLOR OF CALIFORNIA LAW.

### III.

### INTRODUCTION OF FACTS

12. THIS ACTION ARISES FROM THE DEFENDANTS' ACTS AND FAILURES TO ACT WHICH HAVE CAUSED PLAINTIFF TO HAVE BEEN WRONGLY PLACED AND RETAINED IN SEGREGATION LOCK-UP AT S.V.S.P. FOR OVER 103-DAYS WITHOUT DUE PROCESS OR HEARING ON THE ALLEGED OFFENSE AND FOR A TOTAL OF 161-DAYS OF SUCH CONFINEMENT FOR SAID NON-SHUABLE LOWEST DIVISION OFFENSE BASED COMPLETELY ON CONFIDENTIAL INFORMATION IN RETALIATION FOR PLAINTIFF'S REFUSAL TO COOPERATE AND ASSIST I.S.U. IN ITS INTERNAL AFFAIRS INVESTIGATION OF A S.V.S.P. EMPLOYEE.

4.

# IV FACTS

FACTS PERTAINING TO THE DENIAL OF
DUE PROCESS

13. ON APRIL 15, 2004, PLAINTIFF WAS REMOVED FROM THE GENERAL POPULATION FACILITY AT S.V.S.P. AND PLACED IN SEGREGATION LOCK-UP AND SOLITARY CONFINEMENT BASED ON A VERY VAGUE AND AMBIGUOUS ORDER AUTHORED BY DEFENDANT L.E. SCRIBNER WHICH FAILED TO GIVE PLAINTIFF THE SPECIFIC REASON OR NATURE OF THE "INVESTIGATION" IN SUFFICIENT DETAIL TO ENABLE HIM TO GAIN AN ADEQUATE COMPREHENSION OF THE CASE AND TO PREPARE A RESPONSE OR DEFENSE FOR HIS NEXT REVIEW HEARING (SEE ATTACHED EXHIBIT 'A' HERETO).

14. ON APRIL 16, 2004, PLAINTIFF APPEARED BEFORE DEFENDANT P. MANDEVILLE (I.S.U. CAPTAIN) FOR HIS REVIEW HEARING AT WHICH TIME PLAINTIFF REQUESTED TO BE NOTIFIED OF THE SPECIFIC REASON (ACCUSATION) THAT HE WAS REMOVED FROM THE GENERAL POPULATION AND PLACED IN LOCK-UP CONFINEMENT FOR AND THE NATURE OF THE I.S.U. "INVESTIGA-TION", INCLUDING TO HAVE THE ACCUSING PERSON AND WITNESSES PRESENTED.

5.

15. DEFENDANT MANDEVILLE DENIED ALL ABOVE STATED REQUESTS AND FURTHER ORDERED PLAINTIFF TO BE KEPT IN LOCK-UP PENDING HIS NEXT REVIEW HEARING (PLEASE SEE PART (B) OF ATTACHED EXHIBIT 'A' HERETO); THIS HEARING WAS NOT FAIR, IMPARTIAL OR MEANINGFUL AS IT DID NOT ALLOW PLAINTIFF TO PRESENT HIS VIEWS OR RESPONSE OR DEFENSE.

16. ON APRIL 22, 2004, PLAINTIFF APPEARED BEFORE DEFENDANT MANDEVILLE AGAIN AND BEFORE DEFENDANT D. TRAVERS, CHIEF DEPUTY WARDEN FOR HIS COMMITTEE REVIEW HEARING.

17. AT ABOVE SAID HEARING, PLAINTIFF AGAIN ASKED TO BE INFORMED OF THE SPECIFIC ACCUSATION OR NATURE OF THE INVESTIGATION FOR WHICH HE WAS BEING CONFINED IN LOCK-UP FOR AND THE ACCUSERS STATEMENT OR CLAIM.

18. AT THE ABOVE TIME, DEFENDANTS MANDEVILLE AND TRAVERS (COMMITTEE CHAIRPERSONS AND CRITICAL DECISION MAKERS) DENIED PLAINTIFF'S ABOVE STATED REQUESTS AND FURTHER ORDERED PLAINTIFF TO REMAIN IN SEGREGA- TION LOCK-UP (PLEASE SEE ATTACHED

6.

EXHIBIT 'B' HERETO ) WHICH WAS NOT A FAIR,
IMPARTIAL OR MEANINGFUL HEARING OR REVIEW
AND DID NOT ALLOW PLAINTIFF THE OPPORTUNITY
TO GAIN AN ADEQUATE COMPREHENSION OF THE
REASONS FOR HIS SEGREGATION PLACEMENT
INORDER TO PRESENT HIS VIEWS, RESPONSE
OR DEFENSE TO THE COMMITTEE.

19.    ON MAY 4, 2004, CLASSIFICATION STAFF REPRE-
SENTATIVE (C.S.R.) REVIEWED THE ABOVE
4/22/04 I.C.C. HEARING AND THEREIN INDICA-
TED THAT DEFENDANTS COMMITTED A PROCEDUR-
AL SAFEGUARD AND DUE PROCESS VIOLATION
OR PLAINTIFF'S RIGHTS IN FAILING TO INITIALLY
ISSUING PLAINTIFF A CONFIDENTIAL INFORM-
ATION DISCLOSURE (C.D.C. 1030) FORM PRIOR
TO THE HEARING ( PLEASE SEE ATTACHED EXHIBIT
'C' HERETO ).

21.    ON JUNE 10, 2004, PLAINTIFF WAS TAKEN
BEFORE ANOTHER CLASSIFICATION COMMITTEE
HEARING WHEREIN DEFENDANT A. HEDGPETH,
CHIEF DEPUTY WARDEN, ACTED AS HEARING
CHAIRMAN.

23.    AT THE ABOVE HEARING, PLAINTIFF WAS GIVEN
A COPY OF THE "MISSING" CONFIDENTIAL
INFORMATION DISCLOSURE FORM (ATTACHED    SEE :

EXHIBIT 'D' HERETO    ")), BUT NOT PRIOR TO THE
HEARING AS REQUIRED TO GIVE PLAINTIFF
ADEQUATE TIME TO GAIN A BETTER COMPREHE-
NSION OF THE CASE AGAINST HIM AND INORDER
TO MARSHAL THE FACTS AND PRESENT A
DEFENSE OR RESPONSE AT THE HEARING, AS
SUCH HEARINGS ARE INTENDED FOR PRISONERS
TO HAVE THE OPPORTUNITY TO PRESENT THEIR
DEFENSE, WITNESSES AND DOCUMENTARY
EVIDENCE TO THE COMMITTEE AS A "FAIR
AND IMPARTIAL HEARING" REQUIRES, AND
AS DEFENDANT HEDGPETH DENIED PLAINTIFF.

24.  FURTHERMORE, THE CONFIDENTIAL INFORMATION
      (EX. 'E')
DISCLOSURE FORM, MERELY STATING "PENDING
CONFIDENTIAL INVESTIGATION BEING CONDUCTED
BY THE INVESTIGATIVE SERVICES UNIT
INTO ALLEGATION OF STAFF OVERFAMILIAR-
ITY" WOULD INDICATE THAT I.S.U. WAS
INVESTIGATING A STAFF MEMBER FOR
OVERFAMILIARITY NOT PLAINTIFF, BUT
MORE IMPORTANTLY, THIS FORM DOES NOT
DISCLOSE ANY INFORMATION REQUIRED TO
ENABLE PLAINTIFF TO GAIN AN ADEQUATE
COMPREHENSION OF THE CASE INORDER TO
MARSHAL THE FACTS TO PREPARE AND
PRESENT A DEFENSE (I.E., NAME OF STAFF,
DATE, TIME AND PLACE OF ALLEGED MISBEHAVIOR).

25.    THIS DISCLOSURE FORM, AUTHORED BY DEFENDANT J. CELAYA, FAILS TO "INDEPENDENTLY ESTABLISH THE RELIABILITY OF THE CONFIDENTIAL SOURCE" AS IT STATED THAT BOTH THE RELIABILITY OF THE SOURCE AND DISCLOSURE OF INFORMATION RECEIVED WERE "PENDING" YET THESE TWO REQUIREMENTS MUST BE MET BEFORE ANY SUCH INFORMATION CAN BE USED TO LOCK-UP A PRISONER OR KEEP HIM IN SUCH LOCK-UP (PLEASE SEE EXHIBIT 'E' HERETO).

26.    THIS DISCLOSURE FORM (ATTACHED EXHIBIT 'E') WAS ALSO FALSIFIED (ANTEDATED) BY DEFENDANT J. CELATA IN AN ATTEMPT TO CREATE/FABRICATE A DOCUMENT (AND PROCEDURAL REQUIREMENT) THAT NEVER WAS INITIALLY EXECUTED OR IN EXISTENCE (SEE ATTACHED EXHIBIT 'C' HERETO), BECAUSE ON 4/15/04, DEFENDANT CELATA WAS NOT A CAPTAIN.

27.    ON JULY 1, 2004, APPROXIMATELY 75-DAYS AFTER PLACEMENT IN LOCK-UP, PLAINTIFF WAS FINALLY ISSUED FORMAL CHARGES VIA A C.D.C. RULES VIOLATION REPORT DATED 6/21/04 AUTHORED BY DEFENDANT J. MC CALL, CHARGING PLAINTIFF WITH "OVERFAMILIARITY

1    WITH STAFF" (PLEASE SEE ATTACHED EXHIBIT

2    'F' HERETO), DESPITE THE FACT THAT SUCH

3    BEHAVIOR EXPLICITLY PERTAINED TO AND

4    COVERED *EMPLOYEE* CONDUCT (PLEASE SEE

5    ATTACHED EXHIBIT 'G' HERETO); NOR WAS

6    SUCH BEHAVIOR CLEARLY DEFINED AS

7    PROHIBITED *PRISONER* CONDUCT AS OTHER

8    PRISON REGULATIONS ALLOW FOR PRISONERS

9    AND EMPLOYEES TO KNOW AND USE EACH-

10    OTHER'S FIRST NAMES WHEN MUTUALLY

11    ACCEPTABLE.

12

13    28. FURTHERMORE, THE ABOVE STATED RULES

14    VIOLATION REPORT (EX.'F') DID NOT CONTAIN

15    THE NECESSARY INFORMATION TO

16    ADEQUATELY APPRISE PLAINTIFF OF THE

17    ESSENTIAL DETAILS OF THE CHARGE IN

18    ORDER THAT HE MIGHT PREPARE HIS

19    DEFENSE (I.E., THE NAME OF THE STAFF

20    MEMBER, THE DATE, TIME AND PLACE OF

21    THE ALLEGED MISBEHAVIOR TAKING PLACE

22    AND DESCRIPTION OF THE ALLEGED EVIDENCE

23    BEING RELIED UPON).

24

25    29. ON JULY 28, 2004, I.S.U. LIEUTENANT G.R.

26    SALAZAR CONDUCTED A HEARING ON THE

27    ABOVE STATED CHARGE AND FOUND PLAINTIFF

28    GUILTY.

30.  ON SEPTEMBER 8, 2004, PLAINTIFF FILED AN
ADMINISTRATIVE APPEAL REGARDING, *INTER ALIA*,
THE FACT THAT THE SPECIFIC CHARGE, "OVER-
FAMILIARITY", APPLIED SPECIFICALLY TO
EMPLOYEE CONDUCT AND NOT PRISONERS (SEE
EXHIBIT 'G' HERETO).

31.  ON OCTOBER 14, 2004, THE ADMINISTRATIVE
APPEAL REVIEWER, OF ABOVE STATED APPEAL,
PARTIALLY AGREED WITH PLAINTIFFS' ABOVE
STATED CONTENTION AND ORDERED THE
MODIFICATION OF THE RULES VIOLATION REPORT
(SEE ATTACHED EXHIBIT 'H' HERETO).

32.  ON DECEMBER 5, 2004 (NEARLY 8-MONTHS AFTER
PLAINTIFFS' INITIAL SEGREGATION LOCK-UP
PLACEMENT AND RETENTION IN ISOLATION
CONFINEMENT), A SECOND, "MODIFIED", RULES
VIOLATION REPORT WAS ISSUED TO PLAINTIFF
WITH ONLY THE RULE NUMBER CHANGED BUT NOT
THE SPECIFIC CHARGE / SPECIFIC ACT (PLEASE
SEE ATTACHED EXHIBIT 'I' HERETO).

33.  THE ABOVE STATED REISSUED ("MODIFIED")
RULES VIOLATION REPORT AUTHORED BY DEFENDANT
MC CALL AND APPROVED BY DEFENDANT J.M.
ALLISON ALSO FAILED TO INFORM PLAINTIFF
OF THE NAME OF THE STAFF MEMBER HE WAS

BEING ACCUSED AND CHARGED FOR BEING "OVER
FAMILIAR" WITH , THE ACTUAL OR SPECIFIC
DEED OR ACT OR DEGREE OF OVER-FAMILIARITY;
NOR DID IT STATE THE TIME, DATE AND PLACE
OF THE ALLEGED MISBEHAVIOR NOR ANY
DESCRIPTION OF THE ALLEGED EVIDENCE BEING
USED INORDER TO ENABLE PLAINTIFF TO GAIN AN
ADEQUATE COMPREHENSION OF THE CASE AGAINST
HIM AND TO MARSHAL THE FACTS AND PREPARE
A DEFENSE ( PLEASE SEE ATTACHED EXHIBIT
( 'I' HERETO ).

34. THE VERY NEXT DAY , AFTER RECEIVING THE
ABOVE STATED "MODIFIED" RULES VIOLATION
REPORT , DECEMBER 6, 2004, ( APPROX. 230-
DAYS AFTER ISOLATED SEGREGATION
CONFINEMENT PLACEMENT ) , PLAINTIFF WAS
BROUGHT FORTH TO APPEAR BEFORE DEFENDANT
R. PARIN FOR A REHEARING OF THE SAME
CHARGE .

35. THIS ABOVE STATED HEARING WAS NO DIFFERENT
THAN THE FIRST IN THAT PLAINTIFF AGAIN
REQUESTED TO BE INFORMED OF THE NAME OF
THE "STAFF MEMBER" HE WAS BEING ACCUSED
OF BEING TOO FAMILIAR WITH AND THE DATE,
TIME AND LOCATION OF THE ALLEGED
VIOLATION AND A DESCRIPTION OF THE

ALLEGED BUT "DISCARDED" ITEMS (EVIDENCE) USED AGAINST HIM.

36. DEFENDANT PARIN DID NOT GIVE PLAINTIFF NOTICE OF ANY OF THE ABOVE INFORMATION REQUESTED BY PLAINTIFF CLAIMING IT WAS ALL CONFIDENTIAL AND ASKED PLAINTIFF HOW DID HE PLEAD TO THE CHARGE, TO WHICH PLAINTIFF REPLIED: "HOW CAN I PLEAD GUILTY OR NOT GUILTY TO SOMETHING I DON'T KNOW EXACTLY WHAT I DID OR TO WHOM?"

37. DEFENDANT PARIN THEN ASKED PLAINTIFF IF HE HAD ANY FURTHER STATEMENTS OR IF HE WISHED TO PRESENT A DEFENSE, TO WHICH PLAINTIFF STATED: "HOW COULD I POSSIBLY PRESENT ANY TYPE OF DEFENSE WITHOUT KNOWING TO WHOM, HOW, WHEN AND WHERE I ALLEGEDLY DID WHAT I AM BEING ACCUSED OF DOING;" AND "IT WOULD BE LIKE CHARGING A PRISONER WITH ASSAULT AND BATTERY ON A PRISON STAFF OR FOR DISRESPECTING STAFF, BUT NOT TELLING THE PRISONER WHICH STAFF HE ALLEGEDLY ASSAULTED OR DISRESPECTED OR THE DATE AND LOCATION OF THE ALLEGED ASSAULT OR DISRESPECT."

38. PLAINTIFF FURTHER REQUESTED THE PRESENCE OF A STAFF WITNESS IN WHICH HE HAD REQUESTED PRIOR TO THE HEARING, HOWEVER, BASED ON DEFENDANT FARIN'S SOLE CONJECTURE AND SURMISE, HE ARBITRARILY DENIED PLAINTIFFS REQUESTED WITNESS AND ENDED THE "HEARING", FINDING PLAINTIFF GUILTY OF "OVER-FAMILIARITY WITH STAFF".

39. ON DECEMBER 28, 2004, PLAINTIFF FILED AN ADMINISTRATIVE APPEAL REGARDING ALL OF THE DUE PROCESS VIOLATIONS ALLEGED HEREIN TO WHICH DEFENDANT, L.E SCRIBNER, THE SAME PRISON OFFICIAL WHO ORDERED AND AUTHORIZED PLAINTIFFS INITIAL PLACEMENT IN LOCK-UP CONFINEMENT, ARBITRARILY DENIED PLAINTIFFS ADMINISTRATIVE APPEAL.

## V.  CLAIMS FOR RELIEF

40. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN ALL PREVIOUS PARAGRAPHS.

41. DEFENDANTS HAVE INTENTIONALLY DEPRIVED PLAINTIFF OF DUE PROCESS AND PLACED AND RETAINED HIM IN ISOLATED SEGREGATION CONFINEMENT FOR 161-DAYS FOR A NON-

VIOLENT / NON-S.H.U. OFFENSE FOR THE PURPOSE OF OBTAINING INFORMATION OR A CONFESSION FROM PLAINTIFF TO ASSIST THEIR INTERNAL AFFAIRS INVESTIGATION OF A S.V.S.P. EMPLOYEE AND IN RETALIATION FOR NOT DOING SO.

42. THE FAILURE OF DEFENDANT SCRIBNER TO ASSURE THAT THE REASONS FOR ORDERING PLAINTIFF'S PLACEMENT IN ISOLATED SEGREGATION CONFINEMENT WERE CLEARLY STATED ON THE ORDER (C.D.C. FORM 114-D) IN SUFFICIENT DETAIL TO ENABLE PLAINTIFF TO PREPARE A RESPONSE OR DEFENSE (TITLE 15, CALIFORNIA CODE OF REGULATIONS (C.C.R.) § 3336(a) & 3339(b)(1)) DENIED PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND EQUAL PROTECTION OF THE LAW.

43. THE FAILURE OF DEFENDANT SCRIBNER TO INITIALLY ASSIGN A STAFF ASSISTANT TO ASSIST PLAINTIFF IN PRESENTING A RESPONSE OR DEFENSE AND TO COLLECT INFORMATION NECESSARY FOR AN ADEQUATE COMPREHENSION OF THE CASE (C.C.R. § 3336(c)) DENIED PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE

15.

1   UNITED STATES CONSTITUTION AND EQUAL

2   PROTECTION OF THE LAW.

3

4   44.   WHEN DEFENDANT SCRIBNER AUTHORIZED

5   AND ORDERED PLAINTIFF'S REMOVAL FROM

6   THE GENERAL POPULATION AND PLACED INTO

7   ISOLATED SEGREGATION CONFINEMENT BASED

8   ON CONFIDENTIAL INFORMATION WITHOUT

9   FIRST DETERMINING THE SOURCES' RELIABILITY

10  (C.C.R. § 3321 (b)(1) & (2)) DENIED PLAINTIFF

11  DUE PROCESS OF LAW AND EQUAL PROTECTION

12  OF THE LAW IN VIOLATION OF THE FOURTEENTH

13  AMENDMENT TO THE UNITED STATES

14  CONSTITUTION.

15

16  45.   WHEN DEFENDANT SCRIBNER FAILED TO ASSURE

17  THAT A C.D.C. CONFIDENTIAL INFORMATION

18  DISCLOSURE FORM WAS ISSUED TO

19  PLAINTIFF ON THE DAY HE ORDERED

20  PLAINTIFF'S LOCK-UP AND THAT PLAINTIFF

21  WAS PROVIDED WITH AS MUCH OF THE

22  INFORMATION AS CAN BE DISCLOSED WITHOUT

23  IDENTIFYING ITS SOURCE INCLUDING AN

24  EVALUATION OF THE SOURCE'S RELIABILITY; A

25  BRIEF STATEMENT OF THE REASON FOR THE

26  CONCLUSION REACHED; AND A STATEMENT OF

27  REASON WHY THE INFORMATION OR SOURCE

28  IS NOT DISCLOSED (C.C.R. § 3321 (b)(3)(B))

16.

1    DENIED PLAINTIFF DUE PROCESS OF LAW IN

2    VIOLATION OF THE FOURTEENTH AMENDMENT

3    TO THE UNITED STATES CONSTITUTION

4    AND EQUAL PROTECTION OF THE LAW.

5

6    46.    WHEN DEFENDANT CELAYA FABRICATED AND

7    ANTEDATED THE NON-EXISTENT CONFIDENTIAL

8    INFORMATION DISCLOSURE FORM AND FAILED TO

9    PROVIDE PLAINTIFF WITH AS MUCH OF THE

10    INFORMATION AS COULD BE DISCLOSED AND

11    AN EVALUATION OF THE SOURCES RELIABILITY

12    WITH A BRIEF STATEMENT OF REASON WHY THE

13    INFORMATION OR SOURCE WAS NOT DISCLOSED

14    (C.C.R. § 3321(b)(3)(B)) DENIED PLAINTIFF

15    OF DUE PROCESS OF THE LAW IN VIOLATION

16    OF THE FOURTEENTH AMENDMENT TO THE

17    UNITED STATES CONSTITUTION AND EQUAL

18    PROTECTION OF THE LAW.

19

20    47.    WHEN DEFENDANT MANDEVILLE FAILED TO

21    PROVIDE PLAINTIFF WITH A FAIR AND MEANINGFUL

22    LOCK-UP ORDER REVIEW HEARING NOR IN

23    ASSURING THE ABOVE MENTIONED CONFIDENTIAL

24    DISCLOSURE FORM WAS PROVIDED TO PLAINTIFF

25    PRIOR OR SUBSEQUENT TO THE HEARING AND

26    IN FAILING TO DISCLOSE THE REASON OR

27    NATURE OF THE INVESTIGATION WHICH

28    PLAINTIFF WAS PLACED AND RETAINED IN

17.

1  ISOLATED SEGREGATION CONFINEMENT IN
2  SUFFICIENT WRITTEN DETAIL TO ENABLE HIM
3  TO PREPARE A RESPONSE OR DEFENSE
4  ( C.C.R. § 3321 (b)(3)(B) ; 3336 (a),(b) ; 3337 ;
5  3338 (i),(f) ; AND 3339 (b)(1)-(b)(5) ), SHE
6  DENIED PLAINTIFF OF THE DUE PROCESS OF THE
7  LAW IN VIOLATION OF THE FOURTEENTH
8  AMENDMENT TO THE UNITED STATES CONSTIT-
9  UTION AND EQUAL PROTECTION OF THE LAW .

11  48.  WHEN DEFENDANT TRAVERS FAILED TO PROVIDE
12  PLAINTIFF WITH A FAIR AND MEANINGFUL
13  HEARING AND PROCEDURAL PROTECTIONS
14  AFFORDED TO PRISONERS AT SUCH
15  HEARINGS AS DESCRIBED IN PARAGRAPHS
16  NUMBERED 16 -19 WITHIN PAGES 6-7 HEREIN
17  DURING SAID CLASSIFICATION COMMITTEE
18  HEARING ( C.C.R. § 3321 (b)(3)(B) ; 3336 (a),
19  (b) ; 3337 ; 3338 (f),(i) ; AND 3339 (b)(1)-(b)(5))
20  DENIED PLAINTIFF OF THE DUE PROCESS OF THE
21  LAW IN VIOLATION OF THE FOURTEENTH
22  AMENDMENT TO THE UNITED STATES
23  CONSTITUTION AND EQUAL PROTECTION OF
24  THE LAW .

26  49.  WHEN DEFENDANT HEDGPETH FAILED TO PROVIDE
27  PLAINTIFF WITH A FAIR AND MEANINGFUL
28  CLASSIFICATION COMMITTE HEARING AND REVIEW

18.

AND THE PROCEDURAL PROTECTIONS AFFORDED
TO PRISONERS AT SUCH HEARINGS AS
DESCRIBED IN PARAGRAPHS 21, AND 23 WITHIN
PAGES 7-8 HEREIN ( C.C.R. § 3321 (b)(3)(B);
3336 (a),(b); 3337; 3338 (f),(i); AND 3339(b)
(1)-(b)(5) ), HE DENIED PLAINTIFF OF DUE
PROCESS OF THE LAW IN VIOLATION OF THE
FOURTEENTH AMENDMENT TO THE UNITED
STATES CONSTITUTION AND EQUAL PROTECT-
ION OF THE LAW.

50. WHEN DEFENDANT HEDGEPETH CONTINUED TO
RETAIN PLAINTIFF IN SEGREGATION FOR OVER
THE 33-88 DAY TIME PERIOD, PROSCRIBED BY
CALIFORNIA LAW, WITHOUT A HEARING ON
THE CHARGE, HE DENIED PLAINTIFF OF DUE
PROCESS OF LAW IN VIOLATION OF THE FOUR-
TEENTH AMENDMENT TO THE UNITED STATES
CONSTITUTION.

51. WHEN DEFENDANTS HEDGEPETH AND TRAVERS
FAILED TO RELEASE PLAINTIFF TO A SEPARATE
GENERAL POPULATION FACILITY ( SEPARATE
FROM THE FACILITY THAT THE ALLEGED STAFF
MEMBER, IN WHICH PLAINTIFF WAS ACCUSED OF
ALLEGED OVERFAMILIARITY WITH, WORKED )
AND CONTINUED TO RETAIN PLAINTIFF IN
ISOLATED LOCK-UP CONFINEMENT FOR OVER

19.

161-DAYS FOR A (NON-EXISTENT) NON-VIOLENT / NON-S.H.U. TERM / DIVISION 'F' OFFENSE (AS THIS CHARGE WAS CLASSIFIED AS BY DEFENDANTS) WHICH CARRIED A MAXIMUM CONFINEMENT TIME OF NO MORE THAN 10-DAYS OF CONFINEMENT TO QUARTERS, THEY DENIED PLAINTIFF OF DUE PROCESS OF THE LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND EQUAL PROTECTION OF THE LAW.

52. WHEN DEFENDANT MCCALL CHARGED PLAINTIFF WITH A VIOLATION OF EMPLOYEE MISCONDUCT AND FAILED TO PROVIDE PLAINTIFF WITH WRITTEN NOTICE OF THE CHARGES IN SUFFICIENT DETAIL AND INFORMED OF THE EVIDENCE USED AGAINST HIM INORDER FOR PLAINTIFF TO GAIN A CLEAR AND ADEQUATE COMPREHENSION OF THE CASE AND ENABLE HIM TO MARSHAL THE FACTS AND PREPARE A DEFENSE ( CALIFORNIA PENAL CODE § 2932 (c)(1)(A) ), HE DENIED PLAINTIFF OF DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

53. WHEN DEFENDANT PARIN FAILED TO CONDUCT A FAIR AND MEANINGFUL HEARING (ON THE DISCIPLINARY CHARGE) THAT IS GENUINE AND

1  FACT FINDING AND NOT A CHARADE; FAILED TO
2  PROVIDE PLAINTIFF WITH SUFFICIENT DETAIL AND
3  INFORMATION ABOUT THE CASE AND EVIDENCE
4  INORDER TO ENABLE HIM TO GAIN A CLEAR AND
5  ADEQUATE COMPREHENSION OF THE CASE AND
6  PRESENT A RESPONSE OR DEFENSE; REFUSED TO
7  PRESENT PLAINTIFF'S REQUESTED WITNESS (C.C.R.
8  § 3315 (e) ); AND FAILED TO MAKE A BONA FIDE,
9  INDEPENDENT DETERMINATION AND EVALUATION
10  OF THE CREDIBILITY AND RELIABILITY OF THE
11  CONFIDENTIAL INFORMANT'S INFORMATION, AND
12  INSTEAD, ARBITRARILY RELIED UPON THE
13  INVESTIGATING OFFICER'S ASSESSMENT; AND
14  FAILED TO CONDUCT AN "IMPARTIAL HEARING",
15  HE DENIED PLAINTIFF THE DUE PROCESS OF LAW
16  IN VIOLATION OF THE FOURTEENTH AMENDMENT
17  TO THE UNITED STATES CONSTITUTION AND
18  CONSTITUTED DELIBERATE INDIFFERENCE.
19
20  54.  WHEN DEFENDANT ALLISON REVIEWED AND APPRO-
21  VED THE ABOVE STATED HEARING AND CHARGE
22  AND FAILED TO OVERTURN OR REMEDY THE
23  ABOVE DESCRIBED DUE PROCESS VIOLATIONS
24  DESPITE HIS KNOWLEDGE OF SUCH, DENIED
25  PLAINTIFF THE DUE PROCESS OF LAW IN
26  VIOLATION OF THE FOURTEENTH AMENDMENT
27  TO THE UNITED STATES CONSTITUTION AND
28  EQUAL PROTECTION OF THE LAW.

55.    WHEN DEFENDANT L.E. SCRIBNER REFUSED TO

OVERTURN THE PLAINTIFF'S DISCIPLINARY

CONVICTION, DESPITE HIS KNOWLEDGE OF THE

ABOVE STATED AND DESCRIBED DUE PROCESS

VIOLATIONS IN PARAGRAPH NO.S 53-54

HEREIN, CONSTITUTED DELIBERATE

INDIFFERENCE AND FURTHER DENIED

PLAINTIFF THE DUE PROCESS OF LAW IN

VIOLATION OF THE FOURTEENTH AMENDMENT

TO THE UNITED STATES CONSTITUTION.


VI.

EXHAUSTION OF ADMINISTRATIVE REMEDIES


56.    PLAINTIFF HAS EXHAUSTED ADMINISTRATIVE

REMEDIES AS FOLLOWS:

a.    APPEAL LOG NO. SVSP-D-04-01689,

DENIED AT THE INFORMAL LEVEL OF

REVIEW ON 5/24/04; DENIED AT THE

FIRST LEVEL OF REVIEW ON 5/25/04;

DENIED AT THE SECOND LEVEL OF REVIEW

ON 10/29/04; DENIED AT THIRD LEVEL

OF REVIEW ON 7/6/05;


b.    APPEAL LOG NO. SVSP-04-03178,

PARTIALLY GRANTED ON OCTOBER 14, 2004;


c.    APPEAL LOG NO. SVSP-D-04-04773,

DENIED AT THE SECOND LEVEL OF REVIEW ON

FEBRUARY 7, 2005; DENIED AT THE THIRD

LEVEL OF REVIEW ON SEPTEMBER 26, 2005.

VII.

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS

FOR THE FOLLOWING RELIEF:

1) A DECLATORY JUDGEMENT THAT THE DEFENDANTS'
ACTS AND FAILURES TO ACT AS DESCRIBED
HEREIN VIOLATED PLAINTIFFS' RIGHTS AS HEREIN
STATED.

2) EXPUNGE THE DISCIPLINARY CONVICTION DESCRIBED
IN THIS COMPLAINT FROM THE PLAINTIFFS'
PRISON FILE AND ANY REFERENCES OF THEREIN.

3) COMPENSATORY DAMAGES OF #100.00 A DAY
FOR PLAINTIFFS' SEGREGATION FROM APRIL 15,
2004 TO SEPTEMBER 28, 2004 FROM THE
DEFENDANTS JOINTLY AND SEVERALLY.

4) PUNITIVE DAMAGES OF #10,000.00 FROM ANY
DEFENDANT FOUND TO HAVE DENIED PLAINTIFF
HIS RIGHTS.

5) PLAINTIFFS' COST OF SUIT.

6) FOR COSTS AND REASONABLE ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. SECTION 1983 AND
ANY OTHER GROUNDS AUTHORIZED BY LAW.

23.

7)   TRIAL BY JURY .

8)   FOR FURTHER RELIEF THAT THE COURT DEEMS
     FIT .


I , MICHAEL ANTHONY SAAVEDRA , HEREBY
DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT .

        SIGNED THIS DAY OF APRIL 7, 2008 .


                              MICHAEL ANTHONY SAAVEDRA
                              PLAINTIFF IN PRO - SE

24 .



STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

Salinas Valley State Prison    Facility 'C'

| INMATE'S NAME | CDC NUMBER |
|---|---|
| Saavedra | E-07529 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: You, Inmate Saavedra, E-07529, are being placed in Administrative Segregation due to confidential information that was received by Salinas Valley State Prison, Investigative Services Unit (ISU) indicating that you are deemed a threat to the safety and security of this institution, it's staff, and inmates. You will be retained in Ad-Seg pending the completion of the investigation by ISU. As a result of this placement, your credit earning, custody, and visiting status are subject to change. Inmate Saavedra is a participant of the Mental Health Services Delivery System at the CCCMS level of care. Placement ordered by Chief Deputy Warden, L. Scribner.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 4-15-04 | L. Scribner | | CDW |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 4-15-04 | 2113 | A. Diaz | | C/O |

[ ] INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

### STAFF ASSISTANT (SA)

STAFF ASSISTANT'S NAME  Assigned CCI    TITLE

**IS THIS INMATE:**

| | YES | NO |
|---|---|---|
| LITERATE? | [X] YES | [ ] NO |
| FLUENT IN ENGLISH? | [X] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES | [X] NO |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | |

Any "NO" requires SA assignment

[ ] NOT ASSIGNED

### INVESTIGATIVE EMPLOYEE (IE)

INVESTIGATIVE EMPLOYEE'S NAME    TITLE

| | YES | NO |
|---|---|---|
| EVIDENCE COLLECTION BY IE UNNECESSARY | [X] YES | [ ] NO |
| DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [X] NO |
| ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [X] NO |
| DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | [ ] YES |

Any "NO" may require IE assignment

[ ] NOT ASSIGNED

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE  Handcuffed unable to sign    DATE 4.16.04

## WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| Requests person who made accusations: | | Officer or Inmates | |
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY____    [X] RETAIN PENDING ICC REVIEW    [X] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: Pending outcome of investigation.

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| P. Mandeville | Captain | 4-16-04 | 1515 | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | TITLE | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|---|



---

NAME: **SAAVEDRA**    CDC #: **E07529**    BED: **D2-205L**

---

### COMMITTEE ACTION SUMMARY

REFER TO CSR RX 90-DAY ASU EXT FOR ISU TO COMPLETE AN INVESTIGATION INTO SAFETY CONCERNS; ESTABLISH MAX CUSTODY; WG/PG D1/D EFFECTIVE 4/15/04; P/O ASU W/A YARD; CLEAR FOR DOUBLE CELL HOUSING; PSYCH IS CCCMS.

### COMMITTEE'S COMMENTS

Inmate SAAVEDRA appeared before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Initial ASU Review. SAAVEDRA stated that his health was good and was willing to proceed. SAAVEDRA received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, SAAVEDRA was introduced to the committee members.

According to SAAVEDRA'S CDC 114D, he was placed into SVSP's ASU on 4/15/2004 due to SVSP-ISU receiving confidential information indicating Saaverda to be a threat to the safety & security of the institution, it's staff & inmates. The CDC 114D Administrative Review was conducted on 4/16/04, by P. Mandeville, FC. SAAVEDRA is a participant in the MHSDS at the CCCMS LOC & R. Burgh, CC-I, was assigned as SAAVEDRA'S Staff Assistant and was present during today's committee. SAAVEDRA was not assigned an Investigative Employee. SAAVEDRA did request all staff and inmates that made accusations against him to be present. ICC denied his request for witnesses based on their confidential nature. The CDC 812 & Confidential Folder were reviewed and noted. Prior to placement in ASU, SAAVEDRA'S custody was MED-A & he was assigned as a MAC Secretary, WG/PG AI/A effective 1/25/03.

Based upon a review of SAAVEDRA'S CDC 114D, Central File, case factors, and through discussion with him, committee elects to: Refer to CSR RX 90-day ASU ext for ISU to complete an investigation into safety concerns; establish MAX custody; WG/PG D1/D effective 4/15/04; P/O ASU W/A yard; clear for double cell housing; psych is CCCMS. At the conclusion of this review, SAAVEDRA was informed of his Appeal Rights with regards to this committee's actions. SAAVEDRA acknowledged his understanding and disagreement with committee's actions.

**STAFF ASSISTANT** Discharged: Participant in MHSDS but able to comprehend issues; R. Burgh, CC-I. The Mental Health Clinician spoke to him regarding his ASU placement noting SAAVEDRA is a participant in the MHSDS at the CCCMS LOC and his current mental health status is stable. Continued ASU placement is not likely to result in the deterioration of this inmate's mental health. SAAVEDRA was able to understand and participate in the classification hearing without staff assistance. The staff assistant was present at this hearing.

### INMATE CASE FACTORS

| CUSTODY | CS/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | ETHNIC | PSYCH DATE 128C | NEXT BPT & DATE |
|---------|----------|-------------------|--------------|-----|---------|--------|-----------------|-----------------|
| MAX | 237/IV | D1D - 4/15/2004 | EPRD 11/29/2016 | 12.9 | 7/22/2004 | MEX | CCCMS 5/13/2003 | N/A |

### COMMITTEE MEMBERS

*CHAIRPERSON*    *MEMBERS*    *RECORDER*

D. Travers, CDW (A)  P. Mandeville, FC; Dr. B. Balch, PhD  R. Derr, CCII

---

Committee Date: 4/22/2004  **INITIAL ASU REVIEW**  Committee: C042204RSD1

---

Typed By: RSD - Distribution: C-File & Inmate  SALINAS VALLEY STATE PRISON  Classification Chrono CDC 128G (Rev: 5/01)

EXHIBIT
"C"

"WRIGHT V. E-7529 A-5219" 462 F.SUPP 1397 (N.D.CAL.1978)

"HEWITT V HELMS" 459 U.S. 460.103 S.CT. 864 (1983)

"TOUSSAINT VS MCCARTHY" 801 F.2d. 1080 (9TH.CIR.1986)

"IN RE DAVIS", 25 CAL.3d. 384, 158 CAL.RPTR. 384 (1979)

"IN RE CARR", 116 CAL.APP.3d. 962.172 CAL.RPTR. 417 (CAL.APP.1981)

D2 - 205

**State of California**

**Department of Corrections**
**CDC 128-G**

No. E-07529      NAME: SAAVEDRA, M      D. 2 - 205

*Comment*:      **60 day ASU extension from ICC action of 4-15-04 approved to complete investigation into inmate's safety concerns.**

Placement into ASU was based on confidential information. Inmate requested witnesses however ICC denied his requested based on confidential nature. A CDC form 1030 was required prior to the hearing. There is no form 1030 in the file indicating that this procedural issue was adhered to.

**Return to CSR no later than 6/14/2004 with status update.**

D. Oftedahl, CSR

**Date: 5/4/2004**      **Classification - CSR ACTION**      **SVSP**

"PRATT V. ROWLAND" 770 F.SUPP. 1399 (N.D.CAL.1991)

"HENSLEY V. WILSON," 850 F.2d. 269 (6TH.CIR.1988)

"FREITAS V. AUGER", 837 F.2d. 806 (8TH.CIR.1988)

"MORRISON V. LEFEVRE", 592 F.SUPP. 1052 (S.D.N.Y.1984)

"FREEMAN V. RIDEOUT", 808 F.2d. 949 (2d.CIR.1986)

EXHIBIT



**NAME: SAAVEDRA**  CDC #: **E07529**  BED: **D1-123L**

COMMITTEE ACTION SUMMARY

REFER TO CSR RX 30 DAY ASU EXTENSION TO COMPLETE THE INVESTIGATION INTO OVERFAMILIARITY WITH STAFF, RETAIN IN ASU PENDING CSR REVIEW AND COMPLETION OF THE INVESTIGATION, DOUBLE CELL APPROVED, P/O ITY #4, PSYCH IS CCCMS, SA:A. MEDEN, CCI.

### COMMITTEE'S COMMENTS

Inmate SAAVEDRA appeared before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Program Review. SAAVEDRA stated that his health was good and was willing to proceed. SAAVEDRA received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, SAAVEDRA was introduced to the committee members. According to SAAVEDRA'S CDC 114D, he was placed into SVSP's ASU on 4/15/2004 for: Investigation into overfamiliarity with staff.. Based upon a review of SAAVEDRA'S CDC 114D, Central File, case factors, and through discussion with him, committee elects to: Refer to CSR RX 30 day ASU extension to complete the investigation into overfamiliarity with staff, Retain in ASU pending CSR Review and completion of the investigation, Double Cell Approved, P/O ITY #4, Psych is CCCMS, SA:A. Meden, CCI. Saavedra was placed in ASU to complete an investigation by ISU into over familiarity with staff. The ISU's office has requested 30 more days to complete the investigation, note 128B dated 4/9/04 located in the Miscellaneous section of the C-file. Due to this request, ICC elects to refer this case to the CSR and request a 30 day ASU extension to complete the investigation. ICC notes CSR concerns dated 5/4/04. A 1030 was generated on 4/15/04, but was not given to the inmate due to staff error. The 1030 was located and given to Saavedra. The Mental Health Clinician spoke to Saavedra regarding his ASU placement noting Saavedra is a participant in the MHSDS at the CCCMS LOC and his current mental health status is stable. The inmate will be monitored daily to ensure there is no deterioration of his mental health. Saavedra was able to understand and participate in the classification hearing without staff assistance. The staff assistant was present at this hearing.

At the conclusion of this review, SAAVEDRA was informed of his Appeal Rights with regards to this committee's actions. SAAVEDRA acknowledged his understanding and agreement with committee's actions.
**STAFF ASSISTANT**

Assigned: (Issues complex and/or Inmate participant in MHSDS) SA Present: A. Meden, CCI

### INMATE CASE FACTORS

| CUSTODY | CS/LEVEL | WG/PG & EFF. DATE | | RELEASE DATE | | GPL | RECLASS | AGE | ETHNIC | TERMER | NEXT BPT & DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MAX | 237/IV | D1D - 4/15/2004 | | EPRD 11/29/2016 | | 12.9 | 12/2004 | 34 | MEX | Multi | N/A |
| **RECEIVED SVSP** | | **RECEIVED FROM & TYPE OF TX** | | **RECEIVED CDC** | | **COUNTY OF COMMITMENT** | | | | **SENTENCE** | **RESTITUTION** |
| 1/25/2002 | | PBSP - Non-Adverse | | 9/28/1998 | | Los Angeles | | | | 21 YEARS | $2500.00 |
| | | | | **COMMITMENT OFFENSE** | | | | | | | |
| | | | | Carjacking non-controlling Vehicle | | | | | | | |
| | | **PRIOR ARREST HISTORY** | | | | | | **DISCIPLINARY HISTORY** | | | |
| ADW (Not Firearm), RSP, Taking a Vehicle w/out Owner's Consent, Grand Theft, Theft, GTA, Carrying a Loaded Firearm in a Public Place, Possession of Marijuana For Sale, False ID to Peace Officer, Carjacking, Fraudulent use of Telephone, | | | | | | Participation in a Riot, Mutual Combat, Battery on an Inmate, Assault on an I/M, Assault on Staff, Cell Fight, Assault on an I/M, Destruction of State Property, Threatening Staff, Disorderly Conduct, Out-of-Bounds, Involvement in Racially motivated assaults on Inmate, Manufacturing Alcohol | | | | | |
| | **SEX OFFENSES** | | | | **ARSON OFFENSES** | | | | **ESCAPES** | | |
| | None | | | | None | | | | None | | |
| | **ENEMIES** | | | | **GANG/TIP** | | | | **CONFIDENTIAL** | | |
| | Noted on CDC 812 & CDC 812C | | | | None | | | | Noted & Reviewed | | |
| | **MEDICAL** | | **TB - DATE 128C** | **DENTAL** | | | **DPP** | | | **SUBSTANCE ABUSE** | |
| | Full Duty | | 0 - 4/29/2003 | 3 | | | N/A | | | Alcohol | |
| | **PSYCH** | | | | **MDO** | | | | **DDP** | | |
| | CCCMS 5/13/2003 | | | | Doesn't Meet MDO Criteria | | | | NCF | | |
| **HOUSING** | | **CELL STATUS** | | | **CAMP, MSF, CCF, CCRC, REST. CENTER, SAP ELIGIBILITY** | | | | | | |
| 180 Design (A1) | | Double Cell | | Camp Eligible: No VIO CLS | | CCF Eligible: No VIO CLS | | | CCRC Eligible: No VIO CLS | | |
| | | | | MSF Eligible: No VIO CLS | | SAP Eligible: No VIO CLS | | | Rest. Center Eligible: No VIO CLS | | |
| | **FPTTP** | | | | **HWD** | | | | **JOB ASSIGNMENT** | | |
| | US Citizen | | | | Clear as of 6/9/2004 | | | | Unassigned | | |

### COMMITTEE MEMBERS

**CHAIRPERSON**
A. Hedgpeth, CDW (A)

**MEMBERS**
J. Gardi, PhD
W. Muniz, FC

**RECORDER**
R. Burgh, CCII

Committee Date: 6/10/2004  **PROGRAM REVIEW**  Committee: D061004RBB1

Typed By: RBB - Distribution: C-File & Inmate  **SALINAS VALLEY STATE PRISON**  Classification Chrono CDC 128G (Rev: 5/01)

EXHIBIT
"E"

STATE OF CALIFORNIA
CDC 1030 (12/86)

( EXHIBIT )

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _E07529_  INMATE NAME: _Saavedra_

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _4-15-04_

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☒ Other (EXPLAIN) _____

    Pending Confidential Investigation

3) Disclosure of information received.

The information received indicated the following: _____

Pending Confidential Investigation being Conducted

buy The investigative Service Unit into Allegation

of staff over familiarity

_____

_____

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). On Going

_____

R Celaya  Capt  4-15-04
STAFF SIGNATURE, TITLE  DATE DISCLOSED

DISTRIBUTION: WHITE - Central File YELLOW - Inmate PINK - Institution Use



STATE OF CALIFORNIA    ( EXHIBIT C )

**RULES VIOLATION REPORT**    EPRD    DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| E-07529 | Saavedra | | 11/24/2016 | SVSP | Di-123-L | S04-06-0026 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| CCR§ 3400 | | Overfamiliarity w/Staff | | | 06-21-04 | Hours |

CIRCUMSTANCES

On June 21, 2004, the Investigative Service Unit completed an Internal Affairs investigation regarding a staff member. During the course of a staff investigation it was discovered items were given to the staff member by Saavedra. Based on this, Saavedra was placed in Administrative Segregation pending the outcome of the investigation to determine Saavedra's involvement with the staff member. During the investigation it was determined that Saavedra did in fact give items to this staff member, which were discarded. In addition, personal information regarding this staff member was located in Saavedra's personal property. Refer to Confidential Memorandum, dated 06-21-04, by this writer, which indicates the investigation revealed that you were over familiar with a staff member at Salinas Valley State Prison. Inmate Saavedra [is / is not] a participant in the Mental Health Services Delivery System at the [CCCMS / EOP / DMH] level of care and is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | LT. | | DATE | ASSIGNMENT | | RDO'S |
|---|---|---|---|---|---|---|
| ▶ J. McCall, Correctional Lieutenant | | | 7-1-04 | ISU Lt. | | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|---|
| ▶ R.E. BARBER Jr. | | 7/1/04 | DATE | LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | F-0-3C | 7/6/04 | ▶ | | ☐ HO | ☒ SHO | ☐ SC | ☐ FC |
| ☒ SERIOUS | | | | | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 7/1/04 | 8:30 | ① N5C-2 4/23/04 ② N3. 4/15/04 |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) |
| | ▶ | | | ▶ |

| DATE | TIME |
|---|---|
| 7/6/04 | 1655 |
| 7/8/04 | 1635 |
| 7/11/04 | 1235 |

HEARING

**Plea:** The charges were read aloud as written to Inmate Saavedra, who acknowledged understanding the charges and who entered a plea of "Not Guilty."

**Findings:** Inmate Saavedra was found **Guilty** of violating CCR 3400; specifically, 'Over-familiarity w/Staff,' a Division 'F' offense (CCR 3323(h)(3)).

**Disposition:** Assessed 30 days forfeiture of behavioral credits, which is consistent with a Division 'F' offense (CCR 3323(h)(3)); Inmate was counseled, warned and reprimanded regarding future behavioral expectations.

**Additional Disposition:** None.

**Classification Referral:** Referred to ICC for possible alternate Level IV transfer.

Disposition continued on CDC 115C

*AUG 24 AM 7:16*

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | | | |
|---|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | | SIGNATURE | | DATE | TIME |
| G.R. SALAZAR, CORRECTIONAL LIEUTENANT | | | ▶ | | 8/9/04 | 1075 |
| REVIEWED BY: (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ▶ G. LEWIS, CUSTODY CAPTAIN | | 8/11/04 | ▶ J. ALLISON, C.D.O. | | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | | | DATE | TIME |
| | | ▶ | | | 8-31-04 | 6776 |

CDC 115 (7/88)



Section
§ 3378.2     Advisement of Rights During
             Debriefing ........................ 173
§ 3379       Inmate Transfers ...................... 173

Subchapter 5.   PERSONNEL ........................ 178

Article 1.   Wardens, Superintendents, Parole
             Region Administrators ............... 178
Section
§ 3380       Chief Executive Officer............... 178
§ 3381       Absence.............................. 178
§ 3382       Incident Reports .................... 178
§ 3383       State of Emergency................... 178
§ 3384       Administrative Visitation ............ 178

Article 2.   Employees ......................... 178
Section
§ 3390       Background Investigations............. 178
§ 3391       Employee Conduct .................... 179
§ 3392       Punctuality.......................... 179
§ 3393       Uniforms, Badges, and Insignia....... 179
§ 3394       Distractions......................... 180
§ 3395       Alertness............................ 180
§ 3396       Address and Telephone ............... 180
§ 3397       Emergencies.......................... 180
§ 3398       Visiting ............................ 180
§ 3399       Transactions......................... 180
§ 3400       Familiarity.......................... 180
§ 3401       Employee and Inmate/Parolee Relations.. 180
§ 3401.5     Employee Sexual Misconduct........... 180
§ 3402       Central File......................... 181
§ 3403       Communications....................... 181
§ 3404       Hiring of Ex-Offenders .............. 181
§ 3404.1     Approval of Ex-Offender Employee
             Transactions........................ 181
§ 3405       Legal Assistance to Inmates and
             Parolees............................ 181
§ 3406       Committed Relatives and Friends of
             Employees........................... 181
§ 3407       State Supplies....................... 182
§ 3408       Vehicles............................. 182
§ 3409       Gratuities .......................... 182
§ 3410       Intoxicants and Drugs................ 182
§ 3411       Reporting of Arrest or Conviction,
             Change in Weapons or Driving Status.. 182
§ 3412       Personal Firearms.................... 182
§ 3413       Incompatible Activity ............... 182
§ 3414       Identification Card.................. 183
§ 3415       Employees of Other Agencies.......... 183
§ 3416       Conflict of Interest Code ........... 183

Article 3.   Employee Services ................. 184
Section
§ 3420       General Policy ...................... 184
§ 3421       Employee Associations................ 184
§ 3422       Institution Services ................ 184
§ 3423       Operational Plans.................... 184
§ 3424       State Products....................... 185
§ 3425       Gifts, Tips ......................... 185
§ 3426       Employee Early Intervention Program ... 185

Article 4.   General Personnel Regulations ....... 186
Section
§ 3430       General Policy ...................... 186
§ 3431       Civil Service ....................... 186
§ 3432       Hours of Employment ................. 186
§ 3433       Vacations ........................... 186
§ 3434       Grievances........................... 186
§ 3435       In-Service Training.................. 186
§ 3439       Research ............................ 186

Article 5.   Camp Regulations ................... 187
Section
§ 3440       Officer-In-Charge.................... 187
§ 3441       Camp Counts.......................... 187
§ 3442       Camp Log ............................ 187
§ 3443       Transporting Inmates ................ 187
§ 3444       Escorting Inmates.................... 187

Article 6.   Information Practices .............. 187
Section
§ 3450       Personal Information Record Access and
             Amendment .......................... 187
§ 3451       Methadone Patient Consent for
             Disclosure ......................... 187
§ 3452       Access and Amendment of Records....... 187
§ 3453       Notice............................... 187

Article 7.   Selection of Professional
             Consulting Services ............... 187
Section
§ 3454       Selection of Professional Consulting
             Services ........................... 187
§ 3455       Definitions.......................... 188
§ 3456       Procuring Services................... 188
§ 3457       Establish Criteria .................. 188
§ 3458       Selection of Architects or Engineers ...... 188
§ 3459       Estimate of Value of Services........ 188
§ 3460       Negotiation.......................... 188
§ 3461       Amendments .......................... 188
§ 3462       Contracting in Phases ............... 189
§ 3463       Small Business Participants ......... 189
§ 3464       Applicability of this Article........ 189

Article 8.   Disabled Veteran Business
             Enterprise Program ............... 189
Section
§ 3475       Disabled Veteran Business Enterprise
             Goal ............................... 189
§ 3476       Disabled Veteran Business Enterprise Bid
             and Sole Source Requirements.......... 189
§ 3477       Certification of a Disabled Veteran
             Business Enterprise.................. 190
§ 3478       Good Faith Effort Documentation ...... 190
§ 3479       Monitoring Disabled Veteran Business
             Enterprise Goals ................... 190

Article 9.   Joint Venture Program ............. 191
Section
§ 3480       Joint Venture Policy Advisory Board..... 191
§ 3481       Joint Venture Employer Selection
             Criteria ........................... 191
§ 3482       Joint Venture Program Contracts....... 191
§ 3483       Inmate Joint Venture Program
             Participation....................... 191

Subchapter 6.   PAROLE ......................... 192

Article 1.   Parole Release .................... 192
Section
§ 3500       General and Special Conditions of Parole
             and Outpatient Status............... 192
§ 3501       Restitution Obligations.............. 192
§ 3604       Prerelease Referral ................. 192
§ 3605       Parole Assessment ................... 192
§ 3605.5     Release from Revocation or Limited
             Placement........................... 193
§ 3701.1     Searches of Parolees ................ 193
§ 3705       Cash Assistance...................... 193
§ 3706       Parole Outpatient Clinic Services....... 194

3. Amendment of subsection (d), repealer of subsection (e) and amendment and renumbering of subsection (f) to subsection (e) filed 8-22-79; effective thirtieth day thereafter (Register 79, No. 34).
4. Amendment filed 2-16-88; operative 3-17-88 (Register 88, No. 9).
5. Editorial correction of printing errors in subsections (b) and (c) (Register 92, No. 5).

**3394. Distractions.**

Employees assigned to security post positions or to direct supervision and control of inmates or parolees will not read, listen to a private radio, or engage in any distracting amusement or activity while on assignment except such authorized reading as may be required in the proper performance of their assigned duties.

Comment: Former DR-5205, reading or distraction while on duty.

**3395. Alertness.**

Employees must not sleep or be less than alert and in full possession of all faculties while on duty.

Comment: Former DR-5206, sleeping while on duty.

**3396. Address and Telephone.**

Employees must promptly report any change in their address or telephone number to their supervisor and to the personnel office. If an employee does not have a telephone, the employee must furnish his or her supervisor and the personnel office with information on how the employee can be promptly reached.

Comment: Former DR-5207, change of address or telephone.

**3397. Emergencies.**

Regardless of an employee's class of service, in an emergency any employee must perform any service, including custodial functions, if so directed by the warden, superintendent or regional administrator or his or her delegate. At any time an employee is contacted by telephone or is otherwise informed of an emergency situation at the institution to which they are assigned, the employee must report without delay to the officer-in-charge.

Comment: Former DR-5208, duty in an emergency.

**3398. Visiting.**

Employees must not receive personal visits while on duty except with the permission of the employee's supervisor.

Comment: Former DR-5209, visiting of employees.

**3399. Transactions.**

Employees shall not directly or indirectly trade, barter, lend or otherwise engage in any other personal transactions with any inmate, parolee or person known by the employee to be a relative of an inmate or parolee. Employees shall not, directly or indirectly give to or receive from any inmate, parolee or person known by the employee to be a relative of an inmate or parolee, anything in the nature of a tip, gift or promise of a gift.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2541 and 5054, Penal Code.

HISTORY:
1. Amendment filed 4-10-89; operative 5-10-89 (Register 89, No. 15).
2. Editorial correction of printing errors (Register 92, No. 5).

**3400. Familiarity.**

Employees must not engage in undue familiarity with inmates, parolees, or the family and friends of inmates or parolees. Whenever there is reason for an employee to have personal contact or discussions with an inmate or parolee or the family and friends of inmates and parolees, the employee must maintain a helpful but professional attitude and demeanor. Employees must not discuss their personal affairs with any inmate or parolee.

Comment: Former DR-5211, undue familiarity.

**3401. Employee and Inmate/Parolee Relations.**

(a) Except as provided in (e) below, employees shall not take, deliver or otherwise transmit, either to or from any inmate or member of an inmate's family; any verbal or written message, document, item, article or substance.

(b) Except as provided in (e) below, employees shall not contact, correspond or otherwise communicate with any inmate, parolees or member of an inmate's or parolee's family.

(c) If an employee is contacted by any inmate, parolee or a member of an inmate's or parolee's family, other than under circumstances specified in (e) below, the employee shall immediately notify, in writing, the employee's institution head or deputy/assistant director.

(d) Any employee asked, coerced or otherwise contacted by any person to transmit, take or relay any message, item or substance, either to or from, any inmate, parolee or member of an inmate's or parolee's family, by other than approved means or circumstances, shall immediately notify, in writing, their institution head or deputy/assistant director.

(e) Exceptions to the above prohibitions are as follows:

(1) In the execution of their assigned duties, employees shall issue, or receive from inmates any mail, packages, supplies and other items due or permitted them according to department policy and local procedures.

(2) In the execution of their assigned duties, employees shall interact with any inmate, parolee or member of an inmate or parolee's family as necessary.

(3) While off-duty, and only in accordance with this regulation, departmental employees may conduct relationships with any inmate, parolee or member of an inmate's or parolee's family who is either the employee's immediate family member, as defined in section 3000, or the employee's aunt, uncle, niece, nephew, or first cousin.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:
1. Amendment of section heading and section, including renumbering and amendment of former section 3403 to new subsections (b) and (c), and new Note filed 9-13-96 as an emergency; operative 9-13-96. A Certificate of Compliance must be transmitted to OAL by 2-24-97 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 9-13-96 order transmitted to OAL 11-22-96 and filed 1-6-97 (Register 97, No. 2).

**3401.5. Employee Sexual Misconduct.**

(a) For the purposes of this section, sexual misconduct means any sexual behavior by a departmental employee, volunteer, agent or individual working on behalf of the Department of Corrections, which involves or is directed toward an inmate or parolee. The legal concept of "consent" does not exist between departmental staff and inmates/parolees; any sexual behavior between them constitutes sexual misconduct and shall subject the employee to disciplinary action and/or to prosecution under the law. Sexual misconduct includes, but is not limited to:

(1) Influencing or offering to influence an inmate's/parolee's safety, custody, housing, privileges, parole conditions or programming, or offering goods or services, in exchange for sexual favors; or

(2) Threatening an inmate's/parolee's safety, custody, housing, privileges, work detail, parole conditions or programming because the inmate/parolee has refused to engage in sexual behavior; or

(3) Sexual act(s) or contact, including:

(A) Sexual intercourse; or

(B) Sodomy; or

(C) Oral Copulation; or

(D) Penetration of genital or anal openings by a foreign object, substance, instrument or device for the purpose of sexual arousal, gratification, or manipulation; or



**SAAVEDRA, E07529**
**CASE NO. SVSP-D-04-03178**
**PAGE 6**

- investigation. The inmate's objection must be expressed prior to the beginning of the investigation.

The appellant states his belief that the charges are not serious per CCR 3315. The appellant's belief is not correct. The RVR was appropriately categorized as "serious" as the circumstances described in the RVR denoted a critical breach of facility/institutional security and included the potential for serious disruption of facility operations.

The appellant contends that CCR Section 3400 applies exclusively to employees and he should therefore, be exonerated of the charges. The appellant is partly correct, in that CCR Section 3400 does speak specifically to employees and the specific act should have been classified as a violation of conduct and/or unlawful influence. The classification of the RVR under CCR Section 3400 was an administrative error that requires a modification order to correct. However, this error does not exonerate the appellant.

This review finds the appellant culpable for the charges. The appellant was provided appropriate due process and administrative protections in the adjudication of the RVR, and the finding and disposition are consistent with regulations.

**DECISION**: The appeal is Partially Granted. **MODIFICATION ORDER REQUIRED**

**Modification Order:** In accordance with Title 15, California Code of Regulations Section 3312(b)(1), RVR Log # S-04-06-0026 is ordered retyped and reissued within fifteen (15) days of the date of the Chief Disciplinary Officer's (CDO's) order. Ensure that the date of the rehearing order is included in the body of the Rule Violation Report, including the name of the Chief Disciplinary Officer ordering the rehearing. The CDO is ordered to assign a new Senior Hearing Officer to this matter and ensure that all procedural due process rights are afforded the inmate as provided in Title 15, Division 3. A copy of this order must be served on Inmate SAAVEDRA, CDC No. E-07529, and documented on the Rule Violation Report. A copy of this order must remain with the reheard Rule Violation Report and is a permanent record.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

W. A. Duncan
Warden
Salinas Valley State Prison



804 to records by *CD Hiroshi* late 12-05-04                              ✓Mcopy

STATE OF CALIFORNIA                                                   DEPARTMENT OF CORRECTION
## RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| E-07529 | Saavedra | | 11-29-2006 | S.V.S.P. | D-1 /123L | S04-12-000 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | | LOCATION | DATE: | TIME |
| CCR§ 3005(a) | | Overfamiliarity With Staff | | | 06-21-04 | |

CIRCUMSTANCES    This CDC-115 Rules Violation Report is being ordered reissue/rehear, per Correctional Administrator C. Noll due, to an error in the classifying of the charge, whereas it has been amended from CCR§ 3400 to CCR§ 3005(a). This was ordered on 11-23-04 and all time constraints are to commence with that date.

On June 21, 2004, the Investigative Services Unit completed an Internal Affairs investigation regarding a staff member. During the course of a staff investigation it was discovered items were given to the staff member by Saavedra. Based on this, Saavedra was placed in Administrative Segregation pending the outcome of the investigation to determine Saavedra's involvement with the staff member. During the investigation it was determined that Saavedra did in fact give items to this staff member, which were discarded. In addition, personal information regarding this staff member was located in Saavedra's personal property. Refer to Confidential Memorandum, dated 06-21-04, by this writer, which indicates the investigation revealed that you were over familiar with a staff member at Salinas Valley State Prison. Inmate Saavedra [is / is not] a participant in the Mental Health Services Delivery System at the [CCCMS / EOP / DMH] level of care and is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE 12/5/04 | | ASSIGNMENT | | RDO'S |
|---|---|---|---|---|---|---|
| ▶ J. McCall, Correctional Lieutenant | | | | | | |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE 12/5/04 | ☐ INMATE SEGREGATED PENDING HEARING | | | |
| ▶ A.C. | | | DATE _____ | | LOC. | |
| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | |
| ☐ ADMINISTRATIVE | F(3) | 12/5/04 | ▶ J.D. BENNETT Lt | | ☐ HO  ☑ SHO  ☐ SC  ☐ FC | |
| ☐ SERIOUS | | | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ CD Hirashi | | DATE 12/07/04 | TIME 1540 | TITLE OF SUPPLEMENT ①Reissue/Rehear memo RVR Log# S04-06-0026 | | |
|---|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) ▶ N/A | | DATE N/A | TIME N/A | BY: (STAFF'S SIGNATURE) ①CD Hirashi | DATE ①12-5-04 | TIME ①1540 |

HEARING

**Plea:** Not Guilty.

**Findings:** Inmate Saavedra was found Guilty of violating the charged offense, the specific act of, "Overfamiliarity With Staff," a Division "F" offense.

**Disposition:** Assessed 30 days forfeiture of behavioral credits, consistent with a Division "F" offense, California Code of Regulations, Title 15, §3323(h)(3).
Counseled, warned, and reprimanded regarding future behavioral expectations.

**Additional Disposition:** None.

**Classification Referral:** Referred to I.C.C. for Program Evaluation / Transfer to an alternative institution.

Disposition continued on CDC-115C

| REFERRED TO ☑ CLASSIFICATION  ☐ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
| R. Parin, Correctional Lieutenant | | ▶ R. G. Lt. | | 12-06-04 | 1858 Hrs |
| REVIEWED BY: (SIGNATURE) ▶ G. Zavala, Custody Captain | | DATE 12/13/04 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ Jim Allison  AW | DATE 12/15/04 | |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | | | DATE 12/ | TIME |

CLERK OF THE

U.S. NORTHERN DISTRICT

450 GOLDEN

SAN FRANCISCO, C

MICHAEL A. SAAVEDRA
#E07529 / 4A-12-1LL
P.O. BOX: 3476
CORCORAN, CA 93212



CONFIDENTIAL

LEGAL — MAIL

Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611018576
Cashier ID: almaceh
Transaction Date: 04/28/2008
Payer Name: Philip Angelides, Treasurer
----------------------------------
CIVIL FILING FEE
 For: M SAAVEDRA
 Case/Party: D-CAN-3-08-CV-002180-001
 Amount:      $350.00
----------------------------------
CHECK
 Check/Money Order Num: 193688
 Amt Tendered: $350.00
----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:     $0.00

CRB


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it  was drawn.