1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11     MICHAEL A. SAAVEDRA,                        )
                                                   )
12                    Plaintiff(s),                )        No. C 08-2180 CRB (PR)
                                                   )
13          v.                                     )        ORDER OF SERVICE
                                                   )
14     L. E. SCRIBNER, et al.,                     )
                                                   )
15                    Defendant(s).                )
                                                   )
16     _____           )

17          Plaintiff, a prisoner at California State Prison, Corcoran, has filed a pro se

18     civil rights complaint under 42 U.S.C. § 1983 alleging that, while incarcerated at

19     Salinas Valley State Prison ("SVSP"), he was placed and retained in segregation

20     lock-up for over 103 days without due process or a hearing, and for a total of 161

21     days after he was found guilty of "over-familiarity with staff" based completely

22     on confidential information he was unable to review and challenge.  He seeks

23     damages and expungement of the disciplinary finding from his prison file.

24                                    **DISCUSSION**

25     A.     Standard of Review

26          Federal courts must engage in a preliminary screening of cases in which

27     prisoners seek redress from a governmental entity or officer or employee of a

28     governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

1    claims or dismiss the complaint, or any portion of the complaint, if the complaint

2    "is frivolous, malicious, or fails to state a claim upon which relief may be

3    granted," or "seeks monetary relief from a defendant who is immune from such

4    relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

5    Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

7    essential elements: (1) that a right secured by the Constitution or laws of the

8    United States was violated, and (2) that the alleged violation was committed by a

9    person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48

10    (1988).

11    B.    Legal Claims

12         Allegations by a prisoner that he was denied due process in conjunction

13    with a disciplinary proceeding do not present a constitutionally cognizable claim

14    unless the deprivation suffered was one of "real substance" as defined in  Sandin

15    v. Conner, 515 U.S. 472 (1995).  "Real substance" will generally be limited to

16    freedom from (1) restraint that imposes "atypical and significant hardship on the

17    inmate in relation to the ordinary incidents of prison life," Sandin, 515 U.S. at

18    484, or (2) state action that "will inevitably affect the duration of [a] sentence,"

19    id. at 487.  Liberally construed, plaintiff's allegations state an arguable § 1983

20    claim  for denial of due process and will be served on the named defendants.  But

21    plaintiff will have to establish that the deprivation suffered was one of "real

22    substance" under Sandin.  Compare Serrano v. Francis, 345 F.3d 1071, 1078 (9th

23    Cir. 2003) (placement in segregated housing in and of itself does not implicate a

24    protected liberty interest entitling a prisoner to procedural due process

25    protections) with Wilkinson v. Austin, 545 U.S. 209, 223-25 ( 2005) (indefinite

26    placement in Ohio's "supermax" facility, where inmates are not eligible for

27

28                                         2

1    parole consideration, imposes an "atypical and significant hardship within the

2    correctional context"); Serrano, 345 F.3d at 1078-79 (finding protected liberty

3    interest implicated when wheelchair-assisted inmate was put in SHU not

4    designed for disabled persons – where he was denied use of wheelchair, was not

5    able to take a proper shower, could not use the toilet without hoisting himself up

6    by the seat, had to crawl into bed by his arms, could not partake in outdoor

7    exercise in the non-accessible yard and had to drag himself around a vermin- and

8    cockroach-infested floor – because the placement forced prisoner to endure a

9    situation far worse than a non-disabled person sent to the SHU would have to

10   face) and Burnsworth v. Gunderson, 179 F.3d 771, 773-74 (9th Cir. 1999) (even

11   if discipline imposed is not severe enough to implicate a protected liberty

12   interest, it violates prisoner's right to procedural due process if the discipline is

13   supported by "no evidence").  And if the discipline imposed included forfeiture of

14   time credits, plaintiff's due process claim may well be barred under the rationale

15   of Heck v. Humphrey, 512 U.S. 477 (1994).  See Edwards v. Balisok, 520 U.S.

16   641, 645 (1997) (Heck bars claim for denial of procedural due process in

17   connection with disciplinary hearing that resulted in deprivation of time credits if

18   "the nature of the challenge to the procedures [is] such as necessarily to imply the

19   invalidity of the judgment"); Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir.

20   2003) (Heck applies where expungement of a disciplinary finding is "likely to

21   accelerate" prisoner's eligibility for parole ).

                                    **CONCLUSION**

23        For the foregoing reasons and for good cause shown,

24        1.    The clerk shall issue summons and the United States Marshal shall

25   serve, without prepayment of fees, copies of the complaint in this matter, all

26   attachments thereto, and copies of this order on the named defendants at SVSP.

27

28                                       3

1    The clerk also shall serve a copy of this order on plaintiff.

2        2.    In order to expedite the resolution of this case, the court orders as

3    follows:

4        a.    No later than 90 days from the date of this order, defendants

5    shall file a motion for summary judgment or other dispositive motion.  A motion

6    for summary judgment shall be supported by adequate factual documentation and

7    shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

8    include as exhibits all records and incident reports stemming from the events at

9    issue.  If defendants are of the opinion that this case cannot be resolved by

10    summary judgment or other dispositive motion, they shall so inform the court

11    prior to the date their motion is due.  All papers filed with the court shall be

12    served promptly on plaintiff.

13        b.    Plaintiff's opposition to the dispositive motion shall be filed

14    with the court and served upon defendants no later than 30 days after defendants

15    serve plaintiff with the motion.

16        c.    Plaintiff is advised that a motion for summary judgment

17    under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your

18    case.  Rule 56 tells you what you must do in order to oppose a motion for

19    summary judgment.  Generally, summary judgment must be granted when there

20    is no genuine issue of material fact--that is, if there is no real dispute about any

21    fact that would affect the result of your case, the party who asked for summary

22    judgment is entitled to judgment as a matter of law, which will end your case.

23    When a party you are suing makes a motion for summary judgment that is

24    properly supported by declarations (or other sworn testimony), you cannot simply

25    rely on what your complaint says.  Instead, you must set out specific facts in

26    declarations, depositions, answers to interrogatories, or authenticated documents,

27

28                                  4

1   as provided in Rule 56(e), that contradicts the facts shown in the defendant's

2   declarations and documents and show that there is a genuine issue of material

3   fact for trial.  If you do not submit your own evidence in opposition, summary

4   judgment, if appropriate, may be entered against you.  If summary judgment is

5   granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,

6   154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

7           Plaintiff is also advised that a motion to dismiss for failure to exhaust

8   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

9   case, albeit without prejudice.  You must "develop a record" and present it in

10   your opposition in order to dispute any "factual record" presented by the

11   defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120

12   n.14 (9th Cir. 2003).

13           d.      Defendants shall file a reply brief within 15 days of the date

14   on which plaintiff serves them with the opposition.

15           e.      The motion shall be deemed submitted as of the date the

16   reply brief is due.  No hearing will be held on the motion unless the court so

17   orders at a later date.

18        3.      Discovery may be taken in accordance with the Federal Rules of

19   Civil Procedure.  No further court order is required before the parties may

20   conduct discovery.

21        4.      All communications by plaintiff with the court must be served on

22   defendants, or defendants' counsel once counsel has been designated, by mailing

23   a true copy of the document to defendants or defendants' counsel.

24        5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must

25   keep the court and all parties informed of any change of address and must comply

26   with the court's orders in a timely fashion.  Failure to do so may result in the

27

28                                                  5

1     dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

2     SO ORDERED.

3     DATED:  August 21, 2008

                              CHARLES R. BREYER

4                               United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    G:\PRO-SE\CRB\CR.08\Saavedra, M1.serve.wpd          6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


MICHAEL A SAAVEDRA,

           Plaintiff,

   v.

L E SCRIBNER et al,

           Defendant.

_____/

Case Number: CV08-02180 CRB

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Michael A. Saavedra E-07529
C.D.C.
4B-4L-62
P.O. Box 3481
Corcoran, CA 93212

Dated: August 22, 2008

                     Richard W. Wieking, Clerk
                     By: Barbara Espinoza, Deputy Clerk